IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL W. HALE, | ) Civil No. 19-00314 HG-RT |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| LLOYD'S, LONDON, an alien surplus lines insurer; CERTAIN UNDERWRITERS AT LLOYD'S LONDON; SPECIALIZED LOAN SERVICING, LLC; PYRAMID INSURANCE CENTRE, LTD.; JERRY G. MANIN; CHRISTINE MICHELLE GUMBS; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10, | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S ORAL MOTION TO AMEND THE COMPLAINT (ECF No. 49) AND REMANDING THE PROCEEDINGS TO THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII**

Plaintiff Michael W. Hale filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii, asserting state law claims against Defendants for unfair and deceptive business practices and breach of the covenant of good faith and fair dealing. The Complaint also includes allegations that Defendants violated the Bankruptcy Code.

Defendant Specialized Loan Servicing, LLC, removed the case

1

to federal court pursuant to this Court's federal question jurisdiction.

Plaintiff filed a Motion to Remand the case to Hawaii State court. Attached to Plaintiff's Motion to Remand was a Proposed Amended Complaint removing all reference to federal law.

Defendants opposed Plaintiff's Motion to Remand.

Defendant Underwriters filed a Motion to Strike the Portions of the Complaint related to Defendant Lloyd's, London's presence in the caption and body of the Complaint.

At a hearing on Plaintiff's Motion to Remand and Defendant Underwriter's Motion to Strike, Plaintiff made an oral Motion to Amend his Complaint, as proposed in the attachment to his Motion to Remand.

Defendants raise various objections to Plaintiff's position.

Plaintiff's oral Motion to Amend the Complaint (ECF No. 49) is **GRANTED**.

Plaintiff is **ORDERED** to file the Amended Complaint, as proposed in ECF No. 27-14, by January 28, 2020.

The matter will be **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii following the filing of Plaintiff's Proposed Amended Complaint.

**PROCEDURAL HISTORY**

On May 16, 2019, Plaintiff filed his Complaint in the Circuit Court of the Third Circuit, State of Hawaii. (ECF No. 1-

1).

On June 18, 2019, Defendant Specialized Loan Servicing, LLC filed DEFENDANT SPECIALIZED LOAN SERVICING LLC'S NOTICE OF REMOVAL.  (ECF No. 1).

On June 21, 2019, Defendants Certain Underwriters at Lloyd's London Subscribing to Policy Number HGMH17103 filed a MOTION TO SRIKE PORTIONS OF THE COMPLAINT FILED MAY 16, 2019 [DOC. 1-1].  ECF No. 7).

On June 21, 2019, Defendants Certain Underwriters at Lloyd's London Subscribing to Policy Number HGMH17103 filed their Answer.  (ECF No. 8).

On June 25, 2019, Defendants Pyramid Insurance Centre, Ltd., Jerry G. Manin, and Christine Michelle Gumbs filed their Answer.  (ECF No. 10).

 On July 1, 2019, Defendant Specialized Loan Servicing, LLC filed its Answer. (ECF No. 12).

On July 11, 2019, Defendant Specialized Loan Servicing, LLC filed a Statement of No Opposition to the Motion to Strike.  (ECF No. 14).

On July 11, 2019, Defendants Pyramid Insurance Centre, Ltd., Jerry G. Manin, and Christine Michelle Gumbs filed a Statement of No Position as to the Motion to Strike.  (ECF No. 15).

On July 16, 2019, Plaintiff filed PLAINTIFF'S EX PARTE APPLICATION FOR EXTENSION OR ENLARGEMENT OF TIME TO FILE

MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE DEFENDANT LLOYD'S, LONDON AS A PARTY AND RESETTING THE AUGUST 1, 2019 HEARING DATE. (ECF No. 19).

On July 18, 2019, the Magistrate Judge granted Plaintiff's Application For an Extension of Time pending Plaintiff's filing of a Motion to Remand. (ECF Nos. 22, 23, 25)

On July 18, 2019, Plaintiff filed PLAINTIFF'S MOTION FOR AN ORDER OF REMAND. (ECF No. 27). Plaintiff attached a Proposed Amended Complaint to the Motion to Remand. (Proposed Amended Complaint, attached as Ex. 11 to Pl.'s Mot. to Remand, ECF No. 27-14).

On July 22, 2019, Plaintiff filed PLAINTIFF'S ERRATA TO PLAINTIFF'S MOTION FOR AN ORDER OF REMAND [DKT. #27]. (ECF No. 28).

On August 12, 2019, Defendant Specialized Loan Servicing, LLC filed DEFENDANT SPECIALIZED LOAN SERVICING LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF REMAND. (ECF No. 30).

On August 12, 2019, Defendants Pyramid Insurance Centre, Ltd., Jerry G. Manin, and Christine Michelle Gumbs filed DEFENDANTS PYRAMID INSURANCE CENTRE, LTD., JERRY G. MANIN, AND CHRISTINE MICHELLE GUMBS'S MEMORANDUM IN OPPOSITION TO MOTION FOR AN ORDER OF REMAND, FILED JULY 18, 2019 [DKT 27]. (ECF No. 31).

On August 12, 2019, Defendants Certain Underwriters at

Lloyd's London Subscribing to Policy Number HGMH17103 filed DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER HGMH17103'S JOINDER IN [DKT. 30 & 31] MEMORANDA IN OPPOSITION TO [DKT. 27] PLAINTIFF'S MOTION FOR AN ORDER OF REMAND.  (ECF No. 32).

On August 26, 2019, Plaintiff filed PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF REMAND [DKT. 30].  (ECF No. 36).

On August 26, 2019, Plaintiff filed PLAINTIFF MICHAEL W. HALE'S REPLY MEMORANDUM TO DEFENDANTS PYRAMID INSURANCE CENTRE, LTD., JERRY G. MANIN, AND CHRISTINE MICHELLE GUMB'S MEMORANDUM IN OPPOSITION TO MOTION FOR AN ORDER OF REMAND, FILED AUGUST 12, 2019 [DKT. #31].  (ECF No. 37).

On September 30, 2019, Plaintiff filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO [DKT. 7] DEFENDANT CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING TO POLICY NUMBER HMH1703'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT FILED MAY 16, 2019 [DKT 1-1].  (ECF No. 45).

On October 2, 2019, Plaintiff filed ERRATA TO PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF REMAND [DKT 36].  (ECF No. 46).

On October 11, 2019, Defendants Certain Underwriters at

Lloyd's London Subscribing to Policy Number HGMH17103 filed its REPLY OF CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. HGMH17103 IN SUPPORT OF MOTION TO STRIKE. (ECF No. 48).

On November 4, 2019, at the hearing on Plaintiff's Motion to Remand and Defendant Underwriter's Motion to Strike, Plaintiff made an oral Motion to Amend the Complaint, in the form set forth in Plaintiff's filing of July 18, 2019. (ECF No. 49).

On November 26, 2019, Defendants Certain Underwriters at Lloyd's London Subscribing to Policy Number HGMH17103 filed DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER HGMH17103'S CONDITIONAL OPPOSITION TO PLAINTIFF'S ORAL MOTION FOR LEAVE TO AMEND. (ECF No. 52).

On November 26, 2019, Defendant Specialized Loan Servicing, LLC filed DEFENDANT SPECIALIZED LOAN SERVICING LLC'S STATEMENT OF POSITION AS TO PLAINTIFF'S ORAL MOTION TO AMEND COMPLAINT. (ECF No. 53).

On November 26, 2019, Defendants Pyramid Insurance Centre, Ltd., Jerry G. Manin, and Christine Michelle Gumbs filed DEFENDANTS PYRAMID INSURANCE CENTRE, LTD., JERRY G. MANIN, AND CHRISTINE MICHELLE GUMB'S MEMORANDUM IN OPPOSITION TO PLAINTIFF MICHAEL W. HALE'S ORAL MOTION TO AMEND THE COMPLAINT. (ECF No. 54).

On December 10, 2019, Plaintiff filed PLAINTIFF MICHAEL W.

HALE'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S ORAL MOTION FOR LEAVE TO AMEND COMPLAINT. (ECF No. 55).

**BACKGROUND**

Plaintiff purchased an insurance policy (the "Policy") for his Hilo, Hawaii home from Defendant Pyramid Insurance Centre, Ltd. ("Pyramid Insurance"). (Insurance Policy, attached as Ex. A to ECF No. 1-1). The Policy was memorialized by a Lloyd's Certificate issued by Defendant Lloyd's and underwritten by Defendant Underwriters.[1] (Insurance Policy, attached as Ex. A to ECF No. 1-1).

Defendant Jerry G. Manin is Pyramid Insurance's Chief Executive Officer and Defendant Christine Michelle Gumbs was Plaintiff's Account Manager at Pyramid Insurance. (Complaint ¶¶ 8-9, ECF No. 1-1).

On September 19, 2017, Plaintiff entered Chapter 7 Bankruptcy. In re Hale, No. 17-bk-00959 (Bankr. D. Haw. Feb. 15, 2018). Included in Plaintiff's bankruptcy proceeding was his home and a secured home mortgage loan now owned by Defendant Specialized Loan Servicing, LLC ("Specialized Loan"). Id. The U.S. Bankruptcy Court for the District of Hawaii issued a discharge order in Plaintiff's case on January 18, 2018. Id.

---

[1] The parties dispute the proper verbiage to refer to the entities issuing and underwriting the Policy. The Court will refer to the issuing entity as "Defendant Lloyd's" and the underwriting entities as "Defendant Underwriters."

On or about May 9, 2018, Plaintiff's home was destroyed. (Complaint ¶ 12, ECF No. 1-1). The Kilauea volcano eruption eventually covered the lot with lava. Plaintiff filed an insurance claim based on the loss of his home which was initially denied. (July 25, 2018 Denial of Coverage, attached as Ex. C to ECF No. 1-1).

Subsequently, on January 18, 2019, Plaintiff's insurer issued a check for the full amount of the Policy. (Insurance Check, attached as Ex. A(4) to ECF No. 1-1; January 18, 2018 Acceptance of Coverage, attached as Ex. D to ECF No. 1-1). Both Plaintiff and Defendant Specialized Loan were listed as payees on the insurance check. (Insurance Check, attached as Ex. A(4) to ECF No. 1-1).

Plaintiff filed a Complaint in the Circuit Court of the Third Circuit, State of Hawaii. He asserted claims against Defendants for unfair and deceptive business practices and breach of the covenant of good faith and fair dealing. (Complaint, ECF No. 1-1). The original Complaint also claims Defendants Specialized Loan, Underwriters, and Lloyd's violated section 11 U.S.C. § 524(a) of the Bankruptcy Code. (Id. at ¶¶ 16-17).

Plaintiff's Proposed Amended Complaint removes all reference to Plaintiff's bankruptcy and the Bankruptcy Code. (Proposed Amended Complaint, attached as Ex. 11 to Pl.'s Mot. to Remand, ECF No. 27-14).

**STANDARD OF REVIEW**

**Standard To Amend A Complaint By Leave Of Court**

Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleadings as a matter of course within 21 days of filing the Complaint. After 21 days, a party may only amend its pleadings with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).

Under Fed. R. Civ. P. 15(a)(2), courts are directed to "freely" grant leave to amend "when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Courts consider four factors when evaluating the propriety of a motion for leave to amend: (1) prejudice; (2) bad faith; (3) undue delay; and (4) futility. Foman, 371 U.S. at 182; Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Of the relevant factors, courts give the greatest weight to the consideration of prejudice. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of proving prejudice is on the party opposing the motion to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). In the absence of prejudice there is a strong presumption in favor of granting leave to amend. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011) (citing Eminence, 316 F.3d at 1052).

In evaluating a motion to amend, all inferences are made in favor of granting the motion. Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

**Standard To Remand An Action To State Court**

Removal of a civil action from state to federal court is permissible if the district courts of the United States have original jurisdiction over the action. 28 U.S.C. § 1441. Original subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Absent diversity jurisdiction, removal is proper if a federal question is apparent on the face of the plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule makes the plaintiff the master of the claim, able to avoid federal jurisdiction by relying exclusively on state law. Id. A plaintiff is free to abandon federal causes of action after removal in an effort to extinguish the district court's original jurisdiction. Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995).

Once a plaintiff has dismissed all federal claims contained in its complaint, the determination of whether to retain

10

jurisdiction over supplemental state claims or remand them to state court is discretionary and requires district courts to consider judicial economy, comity, convenience, and fairness. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988).

There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

**ANALYSIS**

**I. Motion To Amend**

Plaintiff wishes to amend his Complaint. Plaintiff first included a Proposed Amended Complaint as an attachment to his Motion to Remand, on July 18, 2019. (Proposed Amended Complaint, attached as Ex. 11 to Pl.'s Mot. to Remand, ECF No. 27-14). Defendants opposed Plaintiff's Motion to Remand.

Over the next several months, multiple status conferences were held before the Magistrate Judge and the District Judge, related to both the Motion to Remand and the Motion to Strike.

On November 4, 2019, at a joint hearing on Plaintiff's Motion to Remand and Defendant's Motion to Strike, Plaintiff made an oral Motion to Amend his Complaint, as attached to his Motion to Remand filed on July 18, 2019. (Pl.'s Oral Mot. to Amend, ECF

11

No. 49).

Defendants Pyramid Insurance, Jerry G. Manin, and Christine Michelle Gumbs (collectively, the "Pyramid Defendants") argue Plaintiff's Motion to Amend should be denied claiming undue delay by Plaintiff.

Defendant Underwriters claim that the Motion to Amend should be denied as they allege Plaintiff delayed in filing the Motion to Amend the Complaint. Defendant alleges that there was delay that caused prejudice. They also claim bad faith and futility. If the Court grants the Motion to Amend, Defendant Underwriters request the Court grant their Motion to Strike.

Defendant Specialized Loan does not oppose Plaintiff's Motion to Amend the Complaint if it is limited to the language of the Proposed Amended Complaint attached to Plaintiff's Motion to Remand.

Plaintiff's opportunity to amend as a matter of course under Fed. R. Civ. P. 15(a) has expired. Defendants have not given Plaintiff written consent to amend the Complaint. Plaintiff's only remaining avenue to amend his Complaint is by leave of court. Fed. R. Civ. P. 15(a)(2).

To deny leave to amend, a court must find undue delay as well as prejudice to the opposing party, bad faith by the moving party, or futility. United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1184 (9th Cir. 2016); Bowles, 198 F.3d at

758; DCD Programs, 833 F.2d at 186. Undue delay by itself is insufficient to justify denying a motion to amend without a showing of bad faith, prejudice, or futility. United Healthcare Ins. Co., 848 F.3d at 1184; Bowles, 198 F.3d at 758; DCD Programs, 833 F.2d at 186.

### i. Prejudice

The burden of proving prejudice is on the party opposing a motion to amend. DCD Programs, 833 F.2d at 187. Defendant Underwriters argue that Plaintiff's almost five-month delay in moving to amend has caused them prejudice through increased litigation expenses. Litigation expenses incurred before a motion to amend is filed do not establish prejudice. See United Healthcare Ins. Co., 848 F.3d at 1184 (citing Owens, 244 F.3d at 712). The resources Defendants have expended litigating this case are not a source of prejudice.

Defendant Underwriters and the Pyramid Defendants have also failed to present evidence that the Proposed Amended Complaint will create prejudice by further delaying the proceedings. Rather than adding a new claim which might prejudice Defendants by causing them to rethink their defenses and litigation strategy, see e.g. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), Plaintiff's Proposed Amended Complaint **removes** claims and reduces the effort Defendants must expend defending against this suit. See e.g. Stowers v. WinCo

13

FoodS LLC, 2014 WL 1569474, at *3 (N.D. Cal. Apr. 17, 2014).

In the absence of prejudice there is a strong presumption in favor of granting leave to amend. C.F. ex rel. Farnan, 654 F.3d at 985 (citing Eminence, 316 F.3d at 1052).

Defendant Underwriters and the Pyramid Defendants have not met their burden of presenting evidence that they suffered prejudice in the less than five-month interim between removal and Plaintiff's Motion to Amend.

### ii. Bad Faith

Defendant Underwriters assert that Plaintiff's inclusion of the Proposed Amended Complaint as an alternative for the Court if the Motion to Remand was denied was "inexplicable and unjustified." (Defendant Underwriters' Opp. to Mot. to Amend, ECF No. 52).

The Court does not agree with Defendant Underwriters' characterization of Plaintiff's Proposed Amendment. Plaintiff's actions were both readily explained and justified. Within a month of this case coming before the Court, Plaintiff made clear his intention to amend the Complaint if remand was not granted. (Pl.'s Mot. to Remand, ECF No. 27). Far from being unjustified, Plaintiff's actions were an acceptable, "straight-forward tactical decision" to abandon his federal claims in favor of a state forum. See Baddie, 64 F.3d at 491.

Plaintiff's actions do not demonstrate bad faith.

### iii. Futility

Finally, Defendant Underwriters argue that Plaintiff's Proposed Amended Complaint is futile because this Court could still exercise its discretion to retain jurisdiction over the amended complaint. (Defendant Underwriters' Opp. to Mot. to Amend, p. 5, ECF No. 52). Defendant's position acknowledging that this Court could exercise jurisdiction over Plaintiff's Amended Complaint demonstrates the Complaint's continued viability, not its futility.

Plaintiff's delay in moving to amend the Complaint was not undue, did not cause Defendants prejudice, was not motivated by bad faith, and is not futile.

Plaintiff is granted leave to file the Proposed Amended Complaint.

## II. Remand For Lack Of Subject Matter Jurisdiction

Defendants Underwriters and the Pyramid Defendants request that even if Plaintiff's Motion to Amend is granted, this Court retains jurisdiction over Plaintiff's remaining state law claims.

### A. Federal Question Jurisdiction

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332.[2]

---

[2] None of the parties put forth evidence or suggest that this Court has diversity jurisdiction over this dispute.

Peralta, 419 F.3d at 1068. Federal courts have supplemental jurisdiction over all claims that "form part of the same case or controversy" as a claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a).

The original Complaint contains state law claims as well as allegations that Defendants Specialized Loan, Underwriters, and Lloyd's violated 11 U.S.C. § 524(a) of the Bankruptcy Code. (Complaint ¶ 17, ECF No. 1-1). At the time of removal, the bankruptcy claims gave this Court original federal question jurisdiction. 28 U.S.C. §§ 1331, 1367(a).

The Pyramid Defendants specifically acknowledge that the Proposed Amended Complaint removes all bankruptcy-related allegations and only contains state law claims. (Pyramid Defs.' Opp. to Mot. to Amend at p. 4, ECF No. 54) ("the [Proposed Amended Complaint] is limited to claims under state law").

Defendant Underwriters do not dispute that the Proposed Amended Complaint removes all reference to federal law.

The Proposed Amended Complaint removes all reference to Plaintiff's federal claims and his underlying bankruptcy. The remaining causes of action in the Proposed Amended Complaint lie exclusively in state law claims of unfair and deceptive business practices and breach of the implied covenant of good faith and fair dealing. (Proposed Amended Complaint, attached as Ex. 11 to Pl.'s Mot. to Remand, ECF No. 27-14).

16

This Court does not have original federal question jurisdiction over the Proposed Amended Complaint.

**B.  Discretionary Supplemental Jurisdiction**

Where, as here, the District Court has dismissed all claims over which it has original jurisdiction, the Court has discretion to retain or decline supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).

The determination of whether to retain jurisdiction over pendent state claims or remand them to state court is discretionary and requires district courts to consider judicial economy, comity, convenience, and fairness.  Carnegie–Mellon, 484 U.S. at 349; see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie–Mellon, 484 U.S. at 350 n.7.

Here, the balance of factors point toward remand.

Judicial economy favors remanding the case to state court. During the brief period of time this case has been in federal court, no motions, dispositive or otherwise, have been decided. Given the limited judicial resources expended on this matter and the early state of the litigation, judicial economy weighs

17

against this Court exercising jurisdiction over the remaining state law claims. See Carnegie-Mellon, 484 U.S. at 346, (affirming a remand for lack of subject matter jurisdiction after a six-month gap between removal and the filing of the first amended complaint); Loewe v. City of Honolulu, No. Civ. 10-00368 DAE-KSC, 2011 WL 322557, at *4 (D. Haw. Jan. 31, 2011) (remanding for lack of subject matter jurisdiction despite a five-month gap between removal and the filing of a first amended complaint).

Convenience and comity also weigh in favor of remanding the exclusively state law based Proposed Amended Complaint to state court. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties"); Loewe WL 322557, at *5 (finding comity weighs in favor of remand where amended complaint made exclusively state law claims and removed the federal claim contained in the original complaint).

The final factor, fairness, is neutral. Defendants assert that Plaintiff's efforts to remove federal jurisdiction was manipulative and unfair. As discussed, a plaintiff's "straight-forward tactical decision" to abandon his federal claims in favor of a state forum is an acceptable and appropriate practice. See Baddie, 64 F.3d at 491.

Based on the balance of factors, this Court will not exercise jurisdiction over Plaintiff's remaining state law

claims.

The matter is **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii upon the filing of Plaintiff's First Amended Complaint.

Plaintiff may not re-raise his excised bankruptcy-related claims in the state court proceeding.

### III. Defendant Underwriter's Motion to Strike

Defendant Underwriters request that this Court decide the Motion to Strike (ECF No. 7) regardless of the Court's ruling on the present Motion to Amend.

The Court declines to rule on the Motion to Strike.

## CONCLUSION

Plaintiff's oral Motion to Amend the Complaint (ECF No. 49) is **GRANTED**.

Plaintiff is **ORDERED** to file the Amended Complaint, as proposed in ECF No. 27-14, by January 28, 2020.

//
//
//
//
//
//
//
//

The matter will be **REMANDED** to the Circuit Court of the Third Circuit, State of Hawaii upon the filing of Plaintiff's Amended Complaint.

IT IS SO ORDERED.

DATED: January 17, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

MICHAEL W. HALE vs. LLOYD'S, LONDON, an alien surplus lines insurer; CERTAIN UNDERWRITERS AT LLOYD'S LONDON; SPECIALIZED LOAN SERVICING, LLC; PYRAMID INSURANCE CENTRE, LTD.; JERRY G. MANIN; CHRISTINE MICHELLE GUMBS; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and DOE UNINCORPORATED ASSOCIATIONS 1-10; Civil No. 19-00314 HG-RT; **ORDER GRANTING PLAINTIFF'S ORAL MOTION TO AMEND THE COMPLAINT (ECF No. 49) AND REMANDING THE PROCEEDINGS TO THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII**